# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jesse Neil Marchus, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER DENYING MOTION** |
| vs. | ) | **TO RECONSIDER** |
| | ) | |
| United States of America, | ) | Case No. 1:16-cv-210 |
| | ) | |
| Respondent. | ) | |

___

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cr-54 |
| | ) | |
| Jesse Neil Marchus, | ) | |
| | ) | |
| Defendant. | ) | |

___

Before the Court is the Defendant's motion for reconsideration of the Court's order dated January 19, 2017, denying his motion to vacate under 28 U.S.C. § 2255 (*Johnson Claim*), filed on January 26, 2017. See Docket No. 92. The Government filed a response in opposition to the motion on February 2, 2017. See Docket No. 93. For the reasons set forth below, the motion is denied.

In his Section 2255 motion, the Defendant challenged the length of his sentence and sought a reduction of his sentence pursuant to the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). The Defendant completed his prison sentence on or about January 12, 2017. He is now serving a three year term of supervised release. Given his release from custody, the Court denied his Section 2255 as moot on January 19, 2017. The Defendant now asks

1

this Court to reconsider its order, arguing that he could potentially face collateral consequences, that being the Bureau of Prisons would award him credit for over-served time against any future prison sentence imposed if his supervised release is revoked.

The Defendant is correct that the "in custody" requirement of Section 2255 was satisfied by the Defendant because he was incarcerated at the time he filed his motion. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Nevertheless, the Section 2255 motion is moot because it no longer presents a case or controversy under Article III, Section 2 of the Constitution. Id. This is because the Defendant challenged only the length of his sentence, rather than the fact of his conviction, in his Section 2255 motion and has failed to demonstrate collateral consequences. See United States v. McConnel, 488 Fed. App'x 291, 293 (10th Cir. 2012) (finding a Section 2255 motion which challenged only the sentence and not the underlying conviction becomes moot upon release from custody in the absence of collateral consequences); United States v. Petersen, 408 Fed. App'x 642, 643 (3rd Cir. 2010) (same); United States v. Trimble, 12 F. Supp. 3d 742, 745 (E.D. Penn. 2014) (same); Rodriguez-Munoz v. United States, No. 08-00074-01, 2010 WL 1253636, at *2 (W.D. Mo. Mar. 30, 2010) (same). Collateral consequences will not be presumed when the challenge is only to the length of the sentence. See Spencer, 523 U.S. at 7-14 (declining to presume collateral consequences result from a parole revocation); United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (declining to presume the existence of collateral consequences when a defendant challenges an already completed sentence and noting civil disabilities generally do not arise from the length of a sentence, as opposed to an actual conviction); Petersen, 408 Fed. App'x at 643 (same).

The only collateral consequences alleged are the possibility that the Defendant will violate

the terms and conditions of his supervised release, have his supervised release revoked, be sentenced to a term of imprisonment, and then not receive credit from the Bureau of Prisons for his allegedly over-served prison sentence. However, the United States Supreme Court has rejected the contention that hypothetical, speculative, or contingent consequences are sufficient to satisfy Article III's case-or-controversy requirement. See Spencer, 523 U.S. at 15; see also Mercurris, 192 F.3d 290 at 294. The Court expects the Defendant will abide by the terms and conditions of his supervised release; choose to live a law abiding, positive, and sober lifestyle; and avoid spending anymore time in federal prison. If he does so, the Court will have no reservations about ending the period of Federal supervision early and allowing the Defendant to move on with his life. Accordingly, the Defendant's motion for reconsideration (Docket No. 92) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of February, 2017.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court